UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MIGUEL PEREZ,

                              Plaintiff,                         9:08-CV-0714 (LEK)

       v.

SUSAN WILSON, Supt., Ogdensburg Correctional Facility,

                              Defendant.

APPEARANCES:                                  OF COUNSEL:

MIGUEL PEREZ
Plaintiff, *pro se*
**Last Known Address:**
A076-547-275
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

OFFICE OF THE ATTORNEY GENERAL    CHRISTOPHER W. HALL, ESQ.
State of New York                               Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, NY 12224

LAWRENCE E. KAHN
U.S. District Judge

## DECISION and ORDER

      Plaintiff Miguel Perez commenced this civil rights action pursuant to 42 U.S.C. § 1983 in April, 2008, by filing his pro se Complaint in the United States District Court for the Southern District of New York. By Order of Chief Judge Kimba M. Wood, this action was transferred to the Northern District of New York. Dkt. No. 4. This Court issued an Order granting Plaintiff's *in forma pauperis* application and directing service of process on the Defendant in July 2008. Dkt. No. 6.

On October 7, 2008, the Clerk of the Court mailed a receipt evidencing a partial payment of the filing fee to Plaintiff at his address of record in this action. That mailing was returned to the Clerk on October 20, 2008, marked as undeliverable to Plaintiff at that address. Dkt. No 19. The envelope was stamped "Return to Sender No Addressee" and bore a handwritten notation of "Deported." Id. A second mailing to Plaintiff was returned to the Clerk of the Court on October 27, 2008. Dkt. No. 20. That envelope bore the same stamped marking and also the handwritten notation that Plaintiff had been "Deported." Id.

Thereafter, on November 14, 2008, Defendant filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Dkt. No. 21.[1]

Plaintiff has not responded to Defendant's Motion to dismiss, nor has he advised the Clerk of the Court of his current address. Indeed, upon review of the docket, it appears that Plaintiff has not communicated with the Court about any aspect of this litigation since August 28, 2008, when he submitted a supplement to his Complaint. Dkt. No. 13.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. Link v. Wabash Railroad County Independent School District, 370 U.S. 626 (1962).[2] This power to dismiss may be exercised

---

[1] Defendant argues that dismissal is warranted because the complaint fails to sufficiently allege that Supt. Wilson was personally involved in the allegedly wrongful confinement of Plaintiff at Ogdensburg Correctional Facility for twenty-one days past his August 10, 2005 parole release date. Dkt. No. 1 at 3.

[2] It is well-settled that the term "these rules" in Fed.R.Civ.P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. See

when necessary to achieve orderly and expeditious disposition of cases.  See Freeman v. Lundrigan, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.).[3]

Moreover, a litigant has the duty to inform the court of any address changes.  See Rule 10.1(c)(2) of the Local Rules of Practice for the Northern District of New York  (**"All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.** Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action.") (emphasis in original).

As then-District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

Dansby v. Albany Cty Corr. Facility, No. 95-CV-1525, 1996 WL 172699, *1 (Apr. 10, 1996) (quoting Perkins v. King, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)).

The correctness of a Rule 41(b) dismissal for failure to comply with an order of the court or the procedural rules of the court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order [or the court's procedural rules], (2) whether

---

Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

[3] Even though Fed.R.Civ.P. 41(b) speaks only of a dismissal *on a motion by a defendant,* courts have recognized that the rule does nothing to abrogate a district court's inherent power to dismiss a plaintiff's complaint, *sua sponte,* for failure to prosecute.  See *Saylor v. Bastedo,* 623 F.2d 230, 238-39 (2d Cir. 1980).

plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

      Upon due consideration, the Court finds that these five factors weigh in favor of dismissal. While the record does not disclose the exact date on which Plaintiff left the Buffalo Detention Center, more than three months have elapsed since the Clerk of the Court first learned that his address had changed. Accordingly, while not conclusive evidence that Plaintiff does not intend to prosecute this action,[4] the Court finds this period of noncompliance with the requirement that he notify the Clerk's Office and defendant "promptly" of any change in his address, coupled with the information that Plaintiff has been deported, weighs in favor of dismissal. As to the second factor, Plaintiff was clearly advised that failing to comply with the address-change notification requirement would result in dismissal of this action. See Dkt. No. 6 at 3 (Order filed 7/10/08) ("Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do same will result in the dismissal of this action."). The Court finds that Defendant is likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses and the preservation of evidence. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right

---

[4] See N.D.L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").

to receive a further chance to be heard in this case, and weighs in favor of the dismissal of this action.  Lastly, the Court has carefully considered sanctions less drastic than dismissal.  However, directing plaintiff to notify the Clerk and opposing counsel of address would not be effective since that order will not reach Plaintiff.  Simply waiting for Plaintiff to comply with his obligations is not likely to be fruitful, since he has failed to do so for some months now.  As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, this matter cannot proceed without notification to the Court by Plaintiff of his current address.

**WHEREFORE**, it is hereby

**ORDERED**, that this action is DISMISSED, and it is further

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 21) is **DENIED as moot**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties.[5]

**IT IS SO ORDERED.**

DATED:	January 26, 2009
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[5] Service shall be made by mailing a copy of this Decision and Order to plaintiff at his address of record.